UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAMELA LYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0862 (RJL) |
| | ) | |
| U.S. MARSHAL M. HUGHES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint. For the reasons discussed below, the complaint will be dismissed in part, leaving only plaintiff's constitutional and common law claims against five deputy United States Marshals.

I. BACKGROUND

Plaintiff has brought this action against the individuals and corporate entities allegedly responsible for and the injuries resulting from her eviction from her apartment in April 2012.

In September 2005, plaintiff and her then spouse rented an apartment at 2435 Ainger Place, S.E., Apt. B-1, Washington, D.C. Compl. ¶ 1.[1] According to plaintiff, the unit was infested with rats and roaches, and drug dealers and users "transacted business every single night

---

[1] It appears that plaintiff intended to file a 22-page complaint, the factual allegations of which are set forth in sequentially numbered paragraphs on pages 4 through 10. As the complaint appears on the Court's electronic filing system, however, certain pages are out of order, pages 14 and 15 are missing, and two pages are designated as page 20. Plaintiff will have an opportunity to file an amended complaint in order that she correct these deficiencies. For purposes of this Memorandum Opinion, the Court adopts the page numbers designated by ECF and the paragraph numbers designated by plaintiff.

20 feet from her bedroom." *Id.* ¶ 2. A dispute arose between plaintiff and her landlord, D.A. Hubbard, and the property manager, Ms. Hunt, when the facility's laundry room was closed, causing her particular inconvenience "because she was disabled and the closure [of the laundry] room caused her to travel by bus to a distant laundromat and to pay a significantly higher price than she expected when she signed the lease." *Id.* ¶ 3. Plaintiff not only threatened legal action for alleged housing code violations, but also rejected Mr. Hubbard's offer to "pay her to move out so that he could increase the rent to the level that other tenants were paying." *Id.* ¶ 5; *see id.* ¶ 6. At that point, Mr. Hubbard allegedly "vowed that he would force her to move." *Id.* ¶ 7.

Another dispute arose in or about October 2011 when plaintiff's rent payment was late, at which time Mr. Hubbard initiated court proceedings. *See id.* ¶ 8. Mr. Hubbard and Ms. Hunt allegedly "were scheming to evict her without her knowledge by submitting false documents to the Landlord/Tenant Court claiming that she was delinquent in her rental payments . . . ." *Id.* ¶ 11. "On the early morning of April 20, 2012[,] two armed U.S. Marshals and D.A. Hubbard entered her apartment and informed her that she was being evicted on the spot." *Id.* ¶ 12; *see id.* ¶¶ 13-24. In the course of the eviction, the Marshals allegedly grabbed plaintiff by the arms and handcuffed her. *Id.* ¶ 23. "[O]ne of the Marshals knocked [plaintiff to] the ground [rendering her] unconscious," *id.* ¶ 31, after which she was taken by ambulance "to Prince George's County Hospital with a diagnosis of gran mal seizure where she was hospitalized." *Id.* ¶ 32.

Plaintiff alleges that "D.A. Hubbard had embarked on a sinister plot to rid himself of the plaintiff and had the full cooperation of the U.S. Marshals[] Service to carry out his ignominious scheme," as evidenced by "docket entries [in the] illegal eviction [action in the Superior Court]." *Id.* ¶ 34; *see id.* ¶¶ 35-37. Her efforts to challenge the eviction in the District of Columbia courts were unsuccessful, *see id.* ¶¶ 38-42, notwithstanding alleged "fraud upon the court," *id.* ¶ 42, by

Mr. Hubbard and the absence of service of "any notice whatsoever" prior to her eviction, *id.* ¶ 12. She brings civil rights claims under 42 U.S.C. § 1983 alleging violations of rights protected under the Fourth and Fifth Amendments to the United States Constitution, *see* Compl. at 10-12, conspiracy, *see id.* at 12-13, and common law tort claims of negligence, "dereliction of duty," conversion, battery, and assault, *id.* at 13-17. She demands compensatory and punitive damages. *Id.* at 18.

## II. DISCUSSION

### A. Plaintiff's § 1983 Claims Against Hubbard, Park Ainger Apartments, LLC, Hubbard Enterprises, Inc. and Hunt Will Be Dismissed

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). A complaint may be dismissed if it "fail[s] to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see* Fed. R. Civ. P. 12(b)(6). The Court "must view the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Runnymede-Piper v. District of Columbia,* __ F. Supp. 2d __, __, 2013 WL 3337797, at *2 (D.D.C. July 3, 2013) (citations omitted); *see Atherton v. District of Columbia Office of Mayor,* 567 F.3d 672, 681 (D.C. Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Among the defendants in this action are two individuals, Mr. Hubbard and Ms. Hunt, and two corporate entities, Park Ainger Apartments, LLC and Hubbard Enterprises, Inc. Plaintiff alleges that Mr. Hubbard and Ms. Hughes "violated [her] clearly established Constitutional rights" under the Fourth and Fifth Amendments to the United States Constitution. Compl. at 10.

Under 42 U.S.C. § 1983, an individual may pursue a private cause of action as a remedy for constitutional violations. The provision provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*Id.* To recover damages under § 1983, then, "a plaintiff must generally show that the alleged deprivation was committed by a person acting under color of state law." *Jordan v. District of Columbia*, __ F. Supp. 2d __, __, 2013 WL 2458282, at *5 (D.D.C. June 7, 2013). In other words, there must be a state actor.

"[A] challenged activity may be state action when it results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 296, (2001) (internal quotation marks and citations omitted). None of these circumstances is alleged to have occurred in this case. Missing from the complaint are factual allegations to show that these defendants are agents of or acted jointly with the District of Columbia. Accordingly, plaintiff's constitutional claims against defendants Hubbard, Hunt, Park Ainger Apartments, LLC and Hubbard

4

Enterprises, Inc. will be dismissed.[2] *See Garay v. Liriano*, 839 F. Supp. 2d 138, 142 (D.D.C. 2012) (dismissing § 1983 claim against property manager who was directed by police officers to open tenant's door, deeming her an unwilling participant in joint activity resulting in tenants' arrest); *Amiri v. Gelman Management Co.*, 734 F. Supp. 2d 1, 3 (D.D.C. 2010) (dismissing constitutional claim against property management company where "[n]othing in the complaint suggests that Gelman is a state actor or acted in concert with the District of Columbia"); *see also Hajjar-Nejad v. George Washington Univ.*, 873 F. Supp. 2d 1, 15 (D.D.C. 2012) (denying as futile amendment of complaint to bring constitutional claims against private university absent allegations to show that it is a state actor).

### B. Plaintiff's Tort Claims Against Defendants Hubbard, Hunt, Hubbard Enterprises, Inc. and Park Ainger Apartments, LLC Will Be Dismissed

With the dismissal of the constitutional claims against defendants Hubbard, Hunt, Hubbard Enterprises, Inc. and Park Ainger Apartments, LLC, the Court now considers whether subject matter exists with respect to plaintiff's common law claims. Plaintiff cannot rely on federal question jurisdiction because no claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, survives as against these defendants.

---

[2] Plaintiff's allegations of a conspiracy between Mr. Hubbard and the deputy United States Marshals, *see* Compl. at 12-13, are so vague and so conclusory that they cannot survive. *See Iqbal,* 556 U.S. at 697. Plaintiff does not, for example, state a claim under 42 U.S.C. § 1985 by alleging "(1) an act in furtherance of (2) a conspiracy (3) to deprive a person or class of person of the equal protection of the laws, or of equal privileges and immunities under the laws." *Bush v. Butler*, 521 F. Supp. 2d 63, 68 (D.D.C. 2007) (citation omitted). Nor does she allege that the conspiracy was "motivated by some class-based, invidiously discriminatory animus." *Id.* (citations omitted). And plaintiff is no more successful in stating a civil conspiracy claim which requires allegations of "(1) an agreement between two or more persons; (2) to commit an unlawful action, or to commit a lawful act by unlawful means; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and (4) the overt act was done pursuant to a common scheme." *Id.* (citations omitted).

This district court has original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Such "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff," *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in original), and therefore "diversity jurisdiction is not . . . available when any plaintiff is a citizen of the same State as any defendant," *id.* at 374. Because plaintiff is a citizen of the District of Columbia, as are, apparently, defendants Hubbard, Hunt, Hubbard Enterprises, Inc. and Park Ainger Apartments, LLC, diversity jurisdiction does not exist. *See, e.g., Son Ly v. Solin, Inc.*, 910 F. Supp. 2d 22, 26 (D.D.C. 2012) ("Because there are plaintiffs and defendants from the State of Virginia, diversity jurisdiction does not exist in this action."). Plaintiff cannot resort to supplemental jurisdiction either, *see* 28 U.S.C. § 1367, because "[t]here can be no supplemental jurisdiction without original jurisdiction to supplement."[3] *Campbell v. Am. Int'l Group, Inc.*, __ F. Supp. 2d __, __, 2013 WL 765328, at *3 (D.D.C. Mar. 1, 2013).

### C. Plaintiff's Motion to Have Marshals Serve the Complaint Will Be Denied Without Prejudice

The complaint adequately alleges constitutional and common law claims against five deputy United States Marshals, identified by plaintiff as M. Hughes, Tyler, Hunt, Shanks and Alford, and these claims may proceed at this time. Because plaintiff's complaint appears to be incomplete, the Court will order plaintiff to file an amended complaint that is consistent with this ruling and in accordance with Rule 10 of the Federal Rules of Civil Procedure.

---

[3] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Plaintiff's Motion to Have Marshals Serve the Complaint [ECF No. 3] will be denied without prejudice. Assuming that the amended pleading is sufficient, the Clerk of Court then will be directed to issue summonses for and cause service to be effected on the deputy United States Marshals.

### III. CONCLUSION

The Court finds that the complaint fails to state viable constitutional claims against defendants D.A. Hubbard, Park Ainger Apartments, LLC, Hubbard Enterprises, Inc., and Ms. Hunt. While the complaint may state viable common law tort claims against these defendants, subject matter jurisdiction does not exist. Accordingly, these defendants will be dismissed as parties to this action and plaintiff's constitutional and common law claims against them will be dismissed without prejudice. Her claims against five deputy United States Marshals, however, may proceed.

An Order is issued separately.

RICHARD J. LEON
United States District Judge